# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM R. LOPEZ,<br><br>        Petitioner,<br><br>v.<br><br>RAYMOND MADDEN (WARDEN)<br><br>        Respondent. | Case No.: 17cv922 DMS (JLB)<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**(1) FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**(2) FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff, a prisoner currently incarcerated at Centinela State Prison and proceeding pro se, has filed a "Petition for Writ of Mandate" pursuant to California Code of Civil Procedure §§ 1085 and 1086, in which he seeks to compel the Warden at Centinela to provide him with the rules and regulations concerning the use of the "Adani Full Body Scanner" device. (*See* Pet. at 2.)

///
///
///

# I.

## Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action, nor has he submitted a Motion to Proceed IFP. Therefore, this action is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

# II.

## Sua Sponte Screening per 28 U.S.C. § 1915A(b)(1)

The Court further finds that even if Plaintiff had paid the full $350 filing fee or moved to proceed IFP pursuant to 28 U.S.C. § 1915(a), his action nevertheless remains subject to sua sponte dismissal under 28 U.S.C. § 1915A. This statute requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing ... a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). When conducting this review, the court may dismiss the action, or any portion of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." See 28 U.S.C. § 1915A(b)(1); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

Here, Petitioner invokes jurisdiction under California Code of Civil Procedure §§ 1085 and 1086. There is no basis for federal subject matter jurisdiction under these state statutes. Indeed, Petitioner fails to cite any federal law in support of his filing in this Court or the relief he seeks. In the absence thereof, the Petition must be dismissed for lack of subject matter jurisdiction.

## III.

## Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)  DISMISSES this action sua sponte for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2)  DISMISSES this action for lack of subject matter jurisdiction.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated:  August 20, 2020

Hon. Dana M. Sabraw
United States District Judge